UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUBREY EDWARDS | CIVIL ACTION |
| VERSUS | NO. 18-13755 |
| DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT d/b/a LUFTHANSA GERMAN AIRLINES | SECTION M (1) |

## **ORDER & REASONS**

Before the Court is a motion *in limine* filed by defendant Deutsche Lufthansa Aktiengesellschaft ("Lufthansa") to exclude from evidence the testimony and report of plaintiff's expert, Jeffrey Lewine, Ph.D. ("Lewine").[1] Plaintiff Aubrey Edwards responds in opposition.[2] Lufthansa replies in further support of the motion,[3] and Edwards filed a surreply in further opposition to the motion.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion, finding that Edwards did not timely disclose Lewine as an expert.

## **I. BACKGROUND**

This matter concerns a personal injury that occurred on an airplane. On August 6, 2018, Edwards was a passenger aboard a Lufthansa flight from Frankfurt, Germany, to Sofia, Bulgaria.[5] Edwards alleges that, prior to departure, a flight attendant stowed in the overhead compartment a laptop computer belonging to the man seated next to Edwards.[6] The man

[1] R. Doc. 20.
[2] R. Doc. 21.
[3] R. Doc. 27.
[4] R. Doc. 30.
[5] R. Doc. 1 at 3.
[6] *Id.* at 4.

requested his computer during the flight, and when the flight attendant opened the overhead compartment, the computer fell and hit Edwards on the head causing a cut and a brief loss of consciousness.[7] Edwards alleges that for a week or more after the accident she "experienced frequent headaches, vomiting, hallucinations, lack of sleep, and pain in her neck."[8] She also alleges that she continues to experience "regular headaches, neck and back pain, as well [as] cognitive, behavioral, and sleep problems" that she attributes to the accident.[9]

Edwards filed this action on December 14, 2018.[10] On February 20, 2019, this Court issued a scheduling order that set August 12, 2019, as the deadline for Edwards to deliver to Lufthansa disclosures for all experts (as defined by Rules 26(a)(2)(B)-(C) of the Federal Rules of Civil Procedure) who may be witnesses for Edwards.[11] On July 25, 2019, in response to Lufthansa's interrogatories, Edwards identified as her only expert witness, neuropsychologist Susan Andrews, Ph.D.[12]

Also, at some point prior to August 12, 2019, Edwards produced to Lufthansa a report concerning her January 7, 2019 MRI and its findings issued by Doctors Imaging of Metairie, Louisiana, to Anne L. Foundas, M.D., a behavioral neurologist.[13] The report listed David Silvestri, M.D., as the interpreting radiologist and concluded: "Negative MRI of the brain for hemorrhage, mass or infarction."[14] The report further stated that "[a] DTI [diffuser tensor imaging] acquisition was obtained in addition to the standard technique protocol and after analysis, a separate quantitative DTI report along with a NeuroQuant volumetric analysis will be

[7] *Id.*
[8] *Id.* at 5.
[9] *Id.*
[10] *Id.* at 1.
[11] R. Doc. 8 at 2-3.
[12] R. Doc. 20-6 at 2.
[13] R. Doc. 20-3.
[14] *Id.*

rendered at a later date by Edward L. Soll, M.D."[15] Dr. Soll never issued such a report. Instead, at some point shortly before August 12, 2019, Edwards produced to Lufthansa a January 17, 2019 report prepared by Lewine, who is a neuroscientist, not a medical doctor, in which he analyzes Edwards's January 7, 2019 MRI from a "neuroscientific perspective" and finds that it is "partly abnormal," as compared to a control group, in areas of the brain "known to be particularly vulnerable to traumatic forces, so there is a reasonable likelihood that these [abnormalities] are indeed a consequence of the August 2018 head trauma."[16] Lewine's report has the "Doctors Imaging" logo on every page, but it did not include Lewine's full opinions, his curriculum vitae, a list of his publications and prior testimony, or his fee schedule.[17]

On August 23, 2019, this Court granted the parties' joint motion to continue the trial date.[18] In the order granting the motion to continue, the Court specifically stated, "[n]o new deadline will be set for [p]laintiff's expert disclosures."[19] The new scheduling order set March 31, 2020, as the deadline for the parties to exchange witness lists.[20] Edwards's March 31, 2020 witness list includes Lewine as a witness to testify "regarding plaintiff's injuries and/or medical treatment, as well as his findings stated in his diffuser tensor imaging report dated January 17, 2019."[21]

## II. PENDING MOTION

On April 7, 2020, just a week after receiving Edwards's witness list, Lufthansa filed the instant motion *in limine* seeking to exclude Lewine's testimony and report from evidence at the

---

[15] *Id.*
[16] R. Doc. 20-4 at 1-3.
[17] *See* R. Doc. 20-4 at 1-24.
[18] R. Doc. 13.
[19] *Id.*
[20] R. Doc. 15.
[21] R. Doc. 19 at 3.

bench trial of this matter.[22] Lufthansa argues that Lewine should not be permitted to testify as an expert because Edwards failed to properly disclose him as a Rule 26(a)(2)(B) expert prior to the August 12, 2019 deadline.[23] Lufthansa also argues that Lewine's opinions should be excluded because they fail to meet the *Daubert* standard.[24]

On April 9, 2020, two days *after* receiving Lufthansa's motion to exclude Lewine's testimony and report, Edwards produced to Lufthansa a document entitled "Plaintiff's Rule 26 Expert Disclosures" in which she states that, pursuant to Rule 26(a)(2)(A), Lewine will testify "regarding his expert opinion as to his analyses of plaintiff's MRI and diffusion tensor imaging," and attached Lewine's curriculum vitae, list of publications, list of prior testimony, and fee schedule.[25] And, then, six days after serving these expert disclosures, Edwards filed her opposition to Lufthansa's motion *in limine*.

## III. LAW & ANALYSIS

Rule 26 requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence." Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2) governs the disclosure of expert testimony. Pursuant to Rule 26(a)(2)(B), a witness who is retained or specially employed to provide expert testimony must generally submit an expert report that contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the

[22] R. Doc. 20.
[23] R. Doc. 20-1 at 16-17.
[24] *Id.* at 7-16.
[25] R. Doc. 27-5.

previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Under Rule 26(a), expert reports must explain the "how" and "why" of the expert's opinions with specificity. *See Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995) (report lacked specificity to give advance notice of substance of expert's testimony so was deficient under Rule 26(a)); *Denley, v. Hartford Ins. Co. of the Midwest*, 2008 WL 2951926, at *4-5 (E.D. La. July 29, 2008); *Reed v. Binder*, 165 F.R.D. 424, 430 (D.N.J. 1996) (reports referencing "few specific resources" among "massive amounts of documents" insufficient under Rule 26(a)).

Prior to 2010, non-retained experts, such as treating physicians, were exempt from Rule 26's expert disclosure requirements. *Tucker v. United States*, 2019 WL 4198254, at *2 (E.D. La. Sept. 4, 2019) (citations omitted). In 2010, Rule 26(a)(2)(C) was added to provide a modified disclosure requirement applicable to non-retained experts. *Id.* (citations omitted). Rule 26(a)(2)(C) requires that a party, with respect to a non-retained expert, provide a written disclosure stating: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

A Rule 26(a)(2)(C) disclosure "need not be extensive," but must include "an abstract, abridgement, or compendium of the opinion *and* facts supporting the opinion." *Causey v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018) (internal quotation marks and citation omitted; emphasis in original). Although "the rule does not require overly

comprehensive disclosure ... it does require disclosure in at least *some* form" in order "to provide opposing parties the opportunity to prepare for effective cross-examination and to arrange for testimony from other experts, if necessary." *Id.* (citation omitted; emphasis in original). Moreover, "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *Hooks v. Nationwide Housing Sys., LLC*, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016) (citation omitted); *see also Knighton v. Lawrence*, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016) ("[Under Rule 26(a)(2)(C),] it does not suffice to reference large bodies of material sources of facts without stating a brief account of the main points from those large bodies on which the expert relies.") (quotation and citation omitted).

A party must produce expert materials "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The "basic purpose" of Rule 26 is "preventing prejudice and surprise." *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994). To that end, this Court's scheduling order states that "[t]he Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[26]

"Failure to comply with the deadline for disclosure requirements results in mandatory and automatic exclusion under Federal Rule of Civil Procedure 37(c)(1)." *Tucker*, 2019 WL 4198254, at *2 (internal quotation marks and citations omitted). And the excluded witnesses may not offer testimony "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether the failure was substantially justified or harmless, courts consider: "(1) the explanation

[26] R. Doc. 8 at 3; R. Doc. 15 at 3.

for the failure to adhere to the deadline; (2) the importance of the proposed modification of the scheduling order; (3) the potential prejudice that could result from allowing the modification; and (4) the availability of a continuance to cure that prejudice." *Leggett v. Dolgencorp. LLC*, 2017 WL 4791183, at *2 (E.D. La. Oct. 24, 2017) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

The balance of the factors weighs against allowing Lewine to testify. Edwards' disclosure of Lewine as an expert – whether retained or otherwise – is woefully untimely and inadequate to put Lufthansa on notice of her intent to offer expert testimony from Lewine. Edwards does not deny that she did not timely identify Lewine as an expert or produce proper Rule 26(a)(2)(B) disclosures prior to the August 12, 2019 deadline. Neither does Edwards offer any explanation for this failure. Instead, on April 9, 2020, Edwards produced the Rule 26(a)(2)(B) disclosures eight months after the August 12, 2019 deadline, and did so only after her March 31, 2020 witness list, which identified Lewine as a witness, prompted Lufthansa to file the instant motion calling attention to her failure to comply with this Court's scheduling order and Rule 26. Edwards's untimely disclosures raise concerns about gamesmanship and prejudice against which Rule 26 guards. Throughout the litigation, Lufthansa operated on Edwards's representation that Dr. Andrews was her only expert witness, and that Dr. Soll would offer opinions on the DTI, which he did not. Edwards's eleventh-hour identification of Lewine as an expert cannot be excused because Lufthansa's litigation strategy was informed by Edwards's earlier representations. Further, even if a Rule 26(a)(2)(B) report was not required for Lewine, a disclosure under Rule 26(a)(2)(C) certainly was because Edwards seeks to offer expert testimony through Lewine. As is evident from the supplemental opinions Lewine offers in his

13-page affidavit accompanying Edwards's opposition to Lufthansa's motion *in limine*,[27] Edwards did not produce timely or adequate Rule 26(a)(2)(C) disclosures as to Lewine, and she offers no explanation for this failure. Because Edwards failed to make timely and adequate expert disclosures as to Lewine and has not shown that the omission was justified or harmless, this Court, under Rule 37, must exclude Lewine's testimony from the trial of this matter.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Lufthansa's motion *in limine* to exclude the testimony of Lewine (R. Doc. 20) is GRANTED.[28]

New Orleans, Louisiana, this 30th day of April, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

[27] R. Doc. 21-4.

[28] The Court will determine whether Lewine's report is admissible if it is offered at trial through another witness, to the extent a proper foundation can be laid.